# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH NEW ENGLAND, INC., <br>     a Massachusetts Nonprofit Corporation, <br><br>     Plaintiff, <br><br> v. <br><br> TRINITY HEALTH CORPORATION, <br>     an Indiana Corporation, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Health New England, Inc., ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Trinity Health Corporation, ("Defendant"), states the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. Sec. 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. Sec. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1332(a) (diversity of citizenship) and supplemental jurisdiction. The amount in question herein exceeds $75,000. This Court has personal jurisdiction over Defendant (a) who has committed intentional and tortious acts within the state, (b) who has

conducted substantial business within this state related to the unlawful activity at issue in this Complaint, and (c) due to the continuous and systematic activities of Defendant within the state. Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and (c).

II.     NATURE OF THE ACTION

2.      This civil action sets forth claims for unfair competition and trademark infringement under the Trademark Laws of the United States as amended (the Lanham Act, 15 U.S.C. Sec. 1051 et seq.); false designation of origin under the Trademark Laws of the United States as amended (Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a)); unfair competition under common law; and for unfair methods of competition under Massachusetts General Laws, Title XV, Chapter 93(a).

III.    THE PARTIES

3.      Plaintiff is a nonprofit corporation organized and existing under the laws of the Commonwealth of Massachusetts and has a principal place of business at One Monarch Place, Springfield, Massachusetts 01144.

4.     On information and belief, Defendant is a corporation organized and existing under the laws of the State of Indiana and has a principal place of business at 20555 Victor Parkway, Livonia, Michigan 48152. Defendant is a well-known health care services company and operates at least eighty-eight health care facilities in twenty-one states.

IV.    FACTUAL BACKGROUND

5.     Plaintiff has been in existence since 1986 in the health care field as a licensed health maintenance organization. As a health maintenance organization, Plaintiff's activities include functions related both to health insurance and to medical and health care services. Plaintiff's activities thus include not only services related to financing and coverage of health care, but also to medical and health care services such as coordination and management of medical care, health education, and wellness promotion. Plaintiff provides such services through, among other things, providing a network of selected hospitals and physicians in Massachusetts and Connecticut and covering some services for its members throughout the United States and Internationally.

6.     Plaintiff is a renowned health care coverage and health care services provider, and Plaintiff's innovative approach to health care for its members is widely recognized. Plaintiff also maintains a website at

[http://www.healthnewengland.com](http://www.healthnewengland.com), through which it advertises its services and provides health information and health education to the public. A copy of the home page of the website is attached as Exhibit A.

7. Plaintiff's activities in the health care field are well known and respected within the relevant communities.

8. Plaintiff is the owner of several nationally recognized, federally registered trade and service marks, including:

(a) "Health New England", United States Trademark Registration No. 1,426,061, in International Class 42 for "operating a health maintenance organization which arranges health and medical care for its members through a network of selected hospitals and physicians", registered on January 20, 1987 with a date of first use in commerce of January 1, 1986 (copy attached as Exhibit B);

(b) "HNE", United States Trademark Registration No. 2,814,598, in International Classes 36 and 44 for "underwriting insurance for pre-paid health care", and "health care in the nature of health maintenance organizations", respectively, registered on February 17, 2004 with a date of first use in commerce of January 1, 1987 (copy attached as Exhibit C); and

(c) "HNE Be Healthy", United States Trademark Registration No. 3,958,299, in International Classes 36 and 44 for "underwriting insurance for pre-paid health care", and "health care in the nature of health

4

maintenance organizations", respectively, registered on May 10, 2011 with a date of first use in commerce of July 1, 2010 (copy attached as Exhibit D).

9. The foregoing registrations are prima facie evidence of Plaintiff's ownership and exclusive right to use the trademarks within the health care insurance and health care services fields, generally.

10. Plaintiff has several other, related federal trademark registrations, and at least one pending "Health New England" United States trademark application, Serial No. 86771842, in International Class 44, in connection with Plaintiff's intention to operate in the field of "home health care services, hospitals, medical and pharmaceutical consultation, medical services, nursing services, physician services and providing long-term care facilities" (copy attached as Exhibit E).

11. Since on or about January 1, 1986, Plaintiff has continuously used its Health New England marks in connection with and to identify its services and, in particular, in its health care insurance and health care services fields, and to distinguish them from similar products and services offered for sale and sold by other companies by, and without limitation, prominently displaying the Health New England mark on its products and its distributed advertising and promotional materials.

5

12.     As of the date of filing of this Complaint, Plaintiff is actively engaged in expanding its use of the Health New England marks in connection with the health care insurance and health care services fields in interstate commerce in New England.

13.     Defendant operates a Web site at www.trinity-health.org through which the Defendant sells and promotes, *inter alia*, its services in the health care field. A relevant portion of the Defendant's Web site is attached as Exhibit F.

14.     On information and belief, in the Fall of 2015, Defendant merged with or acquired St. Francis Care, Inc., a health care company located in Hartford, Connecticut, with the intention to operate in the health care field under the name "Trinity Health New England', as reflected in a September 2, 2015 article posted on Hartford Business.com, a copy of which is attached as Exhibit G.

15.     Defendant's intention to operate in the health care field under the name "Trinity Health New England' was again reported in another newspaper article on September 18, 2015, and is attached as Exhibit H.

16.     This follows Defendant's Spring 2013 merger with or acquisition of Sisters of Providence Health System, whose hospitals include Mercy Medical Center, located in Springfield, Massachusetts, as reflected in the November 12, 2015 news article attached as Exhibit I. Defendant again asserts, as reflected in the article attached as Exhibit I, its intention to operate in the health care field, including its operation of Sisters of

Providence Health System, St. Francis Care, and other health care entities in Massachusetts and Connecticut, under the name "Trinity Health-New England."

17. On October 6, 2015, Defendant filed a trademark application with the United States Trademark Office, Serial No. 86779873 (hereinafter the " '873 Application"), for the mark "Trinity Health New England" for "home health care services, hospitals, medical and pharmaceutical consultation, medical services, nursing services, physician services and providing long-term care facilities" in International Class 44.

18. Defendant's use of the mark "Trinity Health New England" is confusingly similar to Plaintiff's federally registered "Health New England" and "HNE" marks and is likely to cause confusion among consumers of healthcare services, including consumers of health care insurance and health care services.

19. Upon information and belief, Defendant was aware of Plaintiff's company and registered trademark "Health New England" prior to the filing of its '873 Application for registration for "Trinity Health New England".

20. On information and belief, Defendant's services have been and are currently being promoted and marketed nationally and internationally in association with the infringing mark, including to residents of the Commonwealth of Massachusetts and the State of Connecticut, at least through

7

Defendant's Web site (www.trinity-health.org) and public relations efforts.

V.     COUNT ONE - TRADEMARK INFRINGEMENT (15 U.S.C. Sec. 1051)

21.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.    Defendant has infringed at least Plaintiff's Health New England mark, (Registration No. 1,426,061), and Plaintiff's HNE mark, (Registration No. 2,814,598), in interstate commerce by various acts, including, without limitation, the offering for sale, selling, promoting and advertising health care services, under the name "Trinity Health New England". Moreover, Defendant's use of "Trinity Health New England" in connection with its health care services is without permission and authority of the Plaintiff and said use is likely to cause confusion, mistake and or to deceive.

23.    Defendant's use of "Trinity Health New England" in connection with its health care services has been made notwithstanding Plaintiff's well-known and prior established rights in the Health New England mark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

24.    On information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's reputation and good will in its federally registered

8

trademarks. Plaintiff has no adequate remedy at law.

25. Defendant's actions are willful and without permission or authority of the Plaintiff and are likely to cause confusion, mistake and or to deceive.

VI. COUNT TWO - UNFAIR COMPETITION (15 U.S.C. Sec. 1125(a))

26. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant has committed unfair competition under Section 43(a) of the Lanham Act by various acts including, without limitation, offering for sale, selling, promoting and advertising health care services under the name "Trinity Health New England" wherein the services of the Defendant are similar to those of the Plaintiff, and are offered through the same channels of trade and to the same members of the consuming public as those of the Plaintiff.

28. In view of Defendant's full and previous knowledge of Plaintiff's Health New England mark and services, Defendant's adoption of its mark to identify its goods is willful and without permission or authority of the Plaintiff and is likely to cause confusion, to cause mistake and or to deceive.

29. These acts of unfair competition by Defendant have caused and are continuing to cause Plaintiff great and incalculable damage. Unless this Court

enjoins the Defendant from its unfair trade practices, Plaintiff will suffer irreparable injury and harm for which it has no adequate remedy at law.

VII.     COUNT THREE - FALSE DESIGNATION OF ORIGIN
         (15 U.S.C. Sec. 1125(a))

30.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     Upon information and belief, Defendant has used the trademark "Trinity Health New England" in connection with health care services in interstate commerce. Said use of the trademark "Trinity Health New England" is a false designation of origin, a false or misleading description and representation of fact that is likely to cause confusion and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products as commercial activities of the Plaintiff.

32.     Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its Health New England mark, and its other unregistered trademarks. Plaintiff has no adequate remedy at law.

VIII.    COUNT FIVE - UNFAIR METHODS OF COMPETITION

(Mass. Gen. Laws, Title XV, Ch. 93A)

33.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 32 above.

34.     By virtue of Defendant's unfair competition, infringement of Plaintiff's Health New England mark and false designations of origin, Defendant has violated the Massachusetts General Laws, Chapter XV, Section 93(a) for Unfair Methods of Competition.

35.     In view of Defendant's full and previous knowledge of Plaintiff's Health New England mark and services, Defendant's adoption of its mark to identify its goods is willful and knowing and without permission or authority of the Plaintiff and is likely to cause confusion, to cause mistake and or to deceive.

36.     The unfair trade practices by the Defendant have caused and are continuing to cause Plaintiff great and incalculable damage. Unless this Court restrains the Defendant from its unfair trade practices, the Plaintiff will suffer irreparable injury and harm for which it has no adequate remedy at law.

IX.     RELIEF REQUESTED

WHEREFORE, Plaintiff prays that:

1.      Defendant, its agents, servants, employees and all persons acting under its

permission and authority, be enjoined and restrained from:

    A) committing unfair competition through the use of Plaintiff's Health New England and HNE marks;

    (B) infringing Plaintiff's federally registered Health New England mark and HNE mark by using "Trinity Health-New England" on similar products and services;

    (C) falsely designating the origin of its health care services by utilizing Plaintiff's registered Health New England and HNE marks in connection promotional materials for the Defendant's services;

    (D) violating state unfair methods of competition laws.

2. Defendant be ordered to account to Plaintiff for Defendant's profits and the actual damages suffered by the Plaintiff and that the Defendant pay damages pursuant to applicable law for:

    (A) committing unfair trade practices;

    (B) infringing Plaintiff's trademarks;

    (C) misrepresenting the source or origin of the Defendant's services;

    (D) committing unfair methods of competition by using Plaintiff's Health New England and HNE marks in conjunction with Defendant's services.

3. Plaintiff's award be trebled on account of the Defendant's willful, knowing, and intentional conduct.

4. Defendant be ordered to pay Plaintiff's costs and reasonable attorney's

fees.

5. Defendant be directed to use its best efforts to recall from the trade and other third parties any and all infringing marketing, advertising and promotional materials used in connection therewith.

6. Defendant be directed to rehabilitate Plaintiff's Health New England and HNE marks within print, internet and other media, thereby reestablishing Defendant as the proper owner of the mark in the minds of the consuming public.

7. Plaintiff be granted further relief as the Court sees just.

The Plaintiff respectfully demands a jury trial on all issues so triable.

                                            Respectfully Submitted,
                                            HEALTH NEW ENGLAND, INC.

                                            By Its Attorney

                                            /s/J. Kevin Grogan
                                            J. Kevin Grogan, Esq. BBO#635,089
                                            Grogan, Tuccillo & Vanderleeden, LLP
                                            One Financial Plaza
                                            1350 Main Street, Suite 508
                                            Springfield, MA 01103
                                            Tel. (413) 736-5401
                                            Fax (413) 733-4543