# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH NEW ENGLAND, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TRINITY HEALTH-NEW ENGLAND, INC., ) <br> a Connecticut Corporation, and ) <br> ) <br> TRINITY HEALTH CORPORATION, ) <br> an Indiana Corporation, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 3:15-cv-30206-MGM |

## JOINT MOTION FOR ENTRY OF [PROPOSED] ORDER OF DISMISSAL AND FINAL JUDGMENT

Plaintiff Health New England, Inc. ("Health New England") and Defendants Trinity Health-New England, Inc. and Trinity Health Corporation (collectively, "Trinity," and together with Health New England, the "Parties") respectfully move the Court to enter the [Proposed] Order of Dismissal and Final Judgment, attached hereto at **Exhibit A** (the "Proposed Order").

As grounds for this Motion, the Parties state as follows:

1.  In the above-captioned action (the "Action"), originally filed on November 23, 2015, Health New England has asserted claims against Trinity, and Trinity has asserted counterclaims against Health New England. (Dkt. Nos. 1, 7, 17, 26.)

2.  After mediation with Magistrate Judge Kenneth P. Neiman, and a series of follow-up negotiations facilitated by Magistrate Judge Neiman, the Parties executed a Settlement Agreement and Mutual Release ("Settlement Agreement") which resolves all of the claims and counterclaims asserted or that could have been asserted in the Action.

3.     The Settlement Agreement, which has been filed under seal at Docket No. 185, is **Exhibit B** to this Joint Motion.

4.     The Parties now respectfully request that the Court enter the Proposed Order attached hereto at **Exhibit A** as an order of the Court.

5.     Under the Proposed Order, all claims in this case, including all counterclaims asserted herein, would be dismissed with prejudice. In addition, the Proposed Order provides that the Court would retain jurisdiction over this Action for the limited purposes of interpreting and enforcing the terms of the Settlement Agreement and, for these limited purposes, incorporate the terms of the Settlement Agreement attached at **Exhibit B** into the Proposed Order so that the terms of the Settlement Agreement would become the order and final judgment of the Court.

6.     The U.S. Supreme Court has recognized that "a United States district court may retain jurisdiction to enforce the provisions of a private settlement agreement even as it dismisses the litigation that the settlement resolves." *Disability Law Center v. Mass. Dept. of Correction*, 960 F. Supp. 2d 271, 278 (D. Mass. 2012), citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (recognizing that a court would have jurisdiction to enforce the terms of a settlement agreement if "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order").

7.     The Settlement Agreement in this Action requires that the Parties take and refrain from certain actions and behaviors with respect to their names and trademarks. The Parties believe that the Court's retaining jurisdiction over this Action for the limited purposes of interpreting and enforcing the Settlement Agreement is the most efficient and effective way, for

both the Parties and the Court, to resolve any dispute regarding an alleged breach of the Settlement Agreement that should come before the Court.

WHEREFORE, for the reasons set forth herein, the Parties respectfully request that the Court enter the [Proposed] Order of Dismissal and Final Judgment, attached hereto at **Exhibit A**.

| | |
|---|---|
| PLAINTIFF,<br>HEALTH NEW ENGLAND, INC.,<br>By Its Attorneys, | DEFENDANTS,<br>TRINITY HEALTH CORPORATION and<br>TRINITY HEALTH–NEW ENGLAND, INC.,<br>By Their Attorneys, |
| /s/ *Jodi K. Miller*<br>James C. Duda, Esq. (BBO #551207)<br>Jodi K. Miller, Esq. (BBO #625089)<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA 01115-5507<br>Tel. (413) 272-6200<br>jduda@bulkley.com<br>jmiller@bulkley.com | /s/ *Holly M. Polglase*<br>Holly M. Polglase, Esq. (BBO #553271)<br>Matthew E. Bown, Esq. (BBO #687184)<br>Hermes, Netburn, O'Connor & Spearing, P.C.<br>265 Franklin Street, 7th Floor<br>Boston, MA 02110<br>Tel. (617) 728-0050<br>hpolglase@hermesnetburn.com<br>mbown@hermesnetburn.com |
| J. Kevin Grogan, Esq.<br>Kevin H. Vanderleeden, Esq.<br>Raymond W. Zenkert, III, Esq.<br>Nicholas J. Tuccillo, Esq.<br>Grogan, Tuccillo & Vanderleeden, LLP<br>1350 Main Street, Suite 508<br>Springfield, MA 01103<br>Tel. (413) 736-5401<br>hnelit@gtv-ip.com | John P. Guenther, Esq. (*pro hac vice*)<br>Michael B. Comeau, Esq. (*pro hac vice*)<br>Fishman Stewart PLLC<br>39533 Woodward Avenue, Suite 140<br>Bloomfield Hills, MI 48304<br>Tel. (248) 594-0660<br>jguenther@fishstewip.com<br>mcomeau@fishstewip.com |
| | Jennifer Fraser, Esq. (*pro hac vice*)<br>Marsha G. Gentner, Esq. (*pro hac vice*)<br>Dykema Gossett PLLC<br>1300 I Street N.W., Suite 300 West<br>Washington, DC 20005<br>Tel. (202) 906-8600<br>jfraser@dykema.com<br>mgentner@dykema.com |

Dated: July 28, 2017

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on July 28, 2017.

                                                /s/ *Jodi K. Miller*
                                                Jodi K. Miller

2462421v1